I concur in the denial of the petition for writ of certiorari. However, I disagree with the following statement in the opinion of the Court of Criminal Appeals: *Page 1013 
 "From the testimony and the evidence presented at the suppression hearing, we conclude that the trial court was correct in finding that the State clearly and convincingly proved that [Ms. Wilson's] consent was free and voluntary. Consent to search may be given on actions alone. It was reasonable to conclude that when Ms. Wilson retrieved Acklin's blue jeans and T-shirt from the bedroom floor and handed them to the police investigator [in response to his question what Acklin was wearing when he came home], without saying a word, she was relinquishing all expectation of privacy." (Internal quotations marks and citations omitted.)
Acklin v. State, 790 So.2d 975, 1007 (Ala.Crim.App. 2000). While the Court of Criminal Appeals may possibly mean that Ms. Wilson was relinquishing all expectation of privacy to the T-shirt and the blue jeans, where the driver's license of one the victims was found, the context of the statement reveals no such limitation at all. Handing a police officer garments in response to the officer's question of what a suspect was wearing certainly cannot be fairly interpreted as relinquishing all expectation of privacy in an entire dwelling, as the opinion of the Court of Criminal Appeals reads to say. *Page 1014